RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0136p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Nos. 15-3759/ 3761/ 3762/ 3763/ 3764

WILLIAM J. MCBRIDE, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
Nos. 2:14-cr-00249; 2:14-cr-00277; 2:15-cr-00009;
2:15-cr-00010—James L. Graham, District Judge.

Decided and Filed: June 10, 2016

Before: BOGGS, ROGERS, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Zenaida R. Lockard, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Mary Beth Young, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

BOGGS, Circuit Judge. William McBride signed a plea agreement after being charged in five jurisdictions with six counts of bank robbery in violation of 18 U.S.C. § 2113(a), (d). The agreement included an "understand[ing]" that McBride would be sentenced as a career offender because "he ha[d] at least two prior crime of violence convictions." *See* USSG §4B1.1(a). The presentence report recommended designating McBride a career offender based on two prior

convictions for bank robbery, also in violation of § 2113.  McBride's sentencing memorandum asked the court to depart downward from the Sentencing Guidelines advisory range of 188 to 235 months of imprisonment, but agreed that "[t]here is no dispute that McBride is a 'career offender.'"  His counsel also conceded the career-offender point at sentencing.  Had he not been labeled a career offender, the Guidelines sentencing range would have been 100 to 125 months of imprisonment.   The district court sentenced McBride to 216 months of imprisonment. McBride now contests his career-offender designation, arguing that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), § 2113 is not a predicate offense under the career-offender guideline.

McBride waived this argument, except insofar as it could not have been made before *Johnson*.  A defendant waives the argument that a sentencing enhancement does not apply by "explicitly agreeing" that it does, such as through "plain, positive concurrence."  *United States v. Knox*, 593 F. App'x 536, 536, 537 (6th Cir. 2015); *see also United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014); *cf. United States v. Priddy*, 808 F.3d 676, 681 (6th Cir. 2015). Statements in the plea agreement (that he signed) and the sentencing memorandum (that counsel submitted on his behalf) demonstrate that McBride agreed with a career-offender designation.  In addition, counsel reiterated that position at the sentencing hearing.  However, a defendant can abandon only "*known* right[s]."  *United States v. Olano*, 507 U.S. 725, 733 (1993) (emphasis added).  McBride could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing.  *See United States v. Stines*, 313 F.3d 912, 917–18 (6th Cir. 2002); *United States v. Rogers*, 118 F.3d 466, 471 (6th Cir. 1997).  Although McBride otherwise waived the right to appeal his career-offender status, to the extent that his claim relies on *Johnson*, we review for plain error.  *Priddy*, 808 F.3d at 682.

To be a career offender, a defendant must have at least two prior felony convictions for a crime of violence or a controlled-substance offense.  §4B1.1(a)(3).  Under the Guidelines, a felony is a crime of violence if it "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  USSG §4B1.2(a).  In *Johnson*, the Supreme Court

invalidated the residual clause of the similarly worded Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague.  135 S. Ct. at 2563.  We extended *Johnson*'s holding to the career-offender guideline.  *United States v. Pawlak*, ___ F.3d ___, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016).

The only claim that McBride could not have waived is that his prior convictions for bank robbery *were* crimes of violence before *Johnson*, but through the residual clause alone. Conviction for bank robbery under § 2113(a) requires proving that a defendant "by force and violence, or by intimidation, takes, or attempts to take . . . any property . . . belonging to, or in the care, custody, control, management, or possession of, any bank."  According to McBride, bank robbery was a crime of violence through §4B1.2(a)'s now-defunct residual clause but not through its physical-force clause.  For reasons that follow, we disagree.

We do not rely on *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989), where a Sixth Circuit panel found that a particular § 2113(a) conviction qualified as a §4B1.2(a) predicate offense through the physical-force clause.  *Maddalena* predates *Taylor v. United States*, 495 U.S. 575, 588–89 (1990), where the Supreme Court instructed courts to use a categorical approach in designating ACCA-predicate offenses.  *See also United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995) (adapting *Taylor* to §4B1.2 context).  In reaching its holding, the *Maddalena* panel relied heavily on the conduct underlying the predicate offense and even rejected the defendant's prophetic call to "only look to the statute."  893 F.2d at 820.  That reasoning is unhelpful post-*Taylor*.

Bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force."  Whether the same is true of bank robbery by "intimidation" is a closer question, although not by much.  In the context of § 2113(a), "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force."  *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002); *see also* James Lindgren, "Blackmail and Extortion," in 1 Encyclopedia of Crime and Justice 115, 115 (Sanford H. Kadish ed., 1983) ("[R]obbery by intimidation" involves the "threat[] to do *immediate* bodily harm, whereas . . . blackmail or extortion" involves the "threat[] to do bodily harm *in the future*.").  Intimidation concerns whether an ordinary person would feel threatened

under the circumstances, *Gilmore*, 282 F.3d at 403, but the prosecution must prove that the defendant possessed "*general intent*—that is . . . knowledge"—with respect to taking the property by intimidation, *Carter v. United States*, 530 U.S. 255, 268 (2000). The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 153, (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence'" under the physical-force clause of §4B1.2(a).); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

We reject McBride's contention that daylight can be found between "intimidation" and "threatened use of physical force." Although McBride is correct that intimidation can be communicated by "words, demands, and gestures," so too with the threat of physical force, *Gilmore*, 282 F.3d at 402. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force, *see, e.g.*, *United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012) (considering poisoning), as discussed above, that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury.

Our rejection of McBride's *Johnson* argument should not be read as a complete endorsement of the government's position that a violation of § 2113(a) is categorically a crime of violence. In addition to bank robbery, the statute criminalizes "enter[ing] or attempt[ing] to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank." That language could certainly encompass many nonviolent felonies. Section 2113(a) seems to contain a divisible set of elements, only some of which constitute violent felonies—taking property from a bank by force and violence, or intimidation, or extortion on one hand and entering a bank intending to commit any felony affecting it (e.g., such as mortgage fraud) on the other. If that is the case, then the modified categorical approach is necessary to determine whether a particular § 2113(a) conviction qualifies as a crime of violence. *See Descamps v. United States*, 133 S. Ct. 2276, 2285, 2289–90 (2013). In any event, because McBride appears to concede that his prior

convictions fall under the first set of elements listed in § 2113(a), that question is beyond the limited scope of our review.

We AFFIRM the district court's judgment and sentence.