**IN RE: Oliver MCCOMB, Jr., Movant.**

No. 16-3013

United States Court of Appeals,
Sixth Circuit.

Filed: 11/03/2016

Oliver McComb, Jr., U.S.P. Terre Haute, Terre Haute, IN, Pro Se.

Kevin Michael Schad, Federal Public Defender's Office, Cincinnati, OH, for Movant.

Benjamin C. Glassman, Assistant U.S. Attorney, Office of the U.S. Attorney, Cincinnati, OH, for Respondent.

Before: BATCHELDER, MOORE, and DONALD, Circuit Judges.

## ORDER

Oliver McComb, Jr., a federal prisoner represented by counsel, moves this court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244(b), 2255(h). The government has responded.

In December 2005, a jury convicted McComb of six counts of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951, and four counts of carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced him as a career offender pursuant to United States Sentencing Guidelines § 4B1.1 to a total of 1,410 months of imprisonment. We affirmed. *United States v. McComb*, 249 Fed.Appx. 429 (6th Cir. 2007).

Subsequently, McComb filed his first § 2255 motion, which the district court denied as being without merit. This court denied McComb a certificate of appealability and later denied his first two motions seeking permission to file a second or successive § 2255 motion.

In January 2016, McComb filed his current application for permission to file a second or successive § 2255 motion, arguing that: (1) he is actually innocent of the § 924(c) convictions because the government did not establish that the weapon employed in the charged robberies was a firearm instead of a B.B. pistol; and (2) his career-offender sentence is invalid, in light of the Supreme Court's decision in *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Subsequently, counsel filed a motion to amend/correct the successive petition, reasserting McComb's argument that his career-offender sentence is invalid in light of *Johnson* because McComb's prior federal and state convictions qualify as predicate offenses under § 4B1.1 only by relying on the residual clause. The government has responded, arguing that *Johnson* does not apply retroactively to McComb's case and that, even if it did, *Johnson* does not invalidate his sentence because McComb's prior federal convictions for bank robbery and armed bank robbery, as well as his prior § 924(c) conviction constitute predicate offenses without resorting to the residual clause.

Before we may grant a request to file a second or successive § 2255 motion, the movant must show:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

**820**

collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

McComb's motion does not satisfy the requirements for granting authorization to file a second or successive § 2255 motion. First, he has presented no claims relying on newly discovered evidence sufficient to establish that no reasonable factfinder would have found him guilty of the charged offenses. Second, McComb has not identified a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. The holding in *Johnson* announced a new, retroactively applicable, rule of constitutional law. *See* 28 U.S.C. § 2255(h)(2); *Welch v. United States*, — U.S. —, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016); *In re Watkins*, 810 F.3d 375, 383–84 (6th Cir. 2015). In *Johnson*, 135 S.Ct. at 2563, the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague. This court has applied *Johnson* in direct appeals by individuals who were sentenced under the guidelines' identical residual clause and concluded that the residual clause in the guidelines is unconstitutionally vague. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).

Even assuming that the holding in *Johnson* is retroactively applicable to career-offender sentences, it does not invalidate McComb's sentence because he has at least two qualifying predicate offenses that do not rely on the residual clause. McComb's prior convictions for federal bank robbery and armed bank robbery qualify as crimes of violence under the use-of-force clause, not the residual clause, and thus, are unaffected by *Johnson*. *See* USSG § 4B1.2, comment. (n.1) (2005); *see also United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir.2016). McComb argues that some means of committing bank robbery involve the use of force while oth-

ers do not, and that the Supreme Court's recent decision in *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), prohibits courts from utilizing the modified categorical approach in these circumstances to determine whether a defendant's offense is a crime of violence. However, McComb's reliance on *Mathis* is unavailing because 18 U.S.C. § 2113(a), the federal bank robbery statute, "contain[s] a divisible set of elements," not a single set of elements that can be met by various means. *McBride*, 826 F.3d at 296. Use of the modified categorical approach remains appropriate in these circumstances, and it is undisputed that McComb's offenses fall under the set of elements that involve the use of force and thus constitute crimes of violence.

Accordingly, McComb's motion to amend/correct his successive application is **GRANTED** and his application for authorization to file a second or successive § 2255 motion to vacate his sentence is **DENIED**.