**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 19a0036n.06**

**No. 18-1256**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 24, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| ANTONIO WALKER, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

---

**BEFORE: GRIFFIN, WHITE, and BUSH, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** Antonio Walker appeals his 120-month sentence, imposed after he pled guilty to possession with intent to distribute more than 100 grams of heroin. Walker makes three arguments for why his sentence is invalid. None of these arguments were raised at sentencing. First, he argues that his indictment was defective because it did not allege a relevant prior conviction, relied on by the district court to enhance his sentence, and did not contain a citation to the penalty provisions of the statute he was alleged to have violated. Second, he argues that the district court erred by failing to engage him in the colloquy after conviction and before sentencing required by 21 U.S.C. § 851(b). Third, Walker argues that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment.

We hold that (1) the district court did not plainly err in sentencing Walker pursuant to the indictment, which satisfied statutory and constitutional requirements; (2) any error made by the district court in its communications with Walker after conviction but before sentencing was

harmless; and (3) Walker's sentence is constitutionally proportionate to his offense under controlling precedent. We therefore **AFFIRM**.

## I. FACTS

After law-enforcement officers found 206 grams of heroin in Antonio Walker's home, he was charged with (among other things) possession with intent to distribute over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). Count Two of the indictment alleged:

> On or about . . . August 12, 2013, in the Eastern District of Michigan . . . , ANTONIO WALKER . . . knowingly and intentionally possessed with intent to distribute about 206 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

R. 14, PageID 25.

Because Walker had previously been convicted of distribution of heroin and conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846, he was subject to a potential sentence enhancement under U.S.S.G. § 5G1.1(b). Consequently, the government filed a sentencing enhancement information before Walker's arraignment, as required by 21 U.S.C. § 851(a)(1). The information stated that "the [prior] felony drug convictions subject the Defendant to increased punishments upon conviction . . . . Specifically, if [Walker is] convicted of Count Two . . . , the statutory period of incarceration increases to a minimum of ten (10) years . . . ." R. 29, PageID 54.

Walker decided to plead guilty to the heroin charge. At the plea hearing, Walker repeatedly affirmed that he understood that by pleading guilty, he accepted that he was subject to a minimum sentence of ten years' imprisonment. Neither he nor his attorney offered any objection to the district court's finding that the ten-year minimum applied. This lack of objection is particularly

notable because the district court told Walker that he had the right to challenge the prior-conviction enhancement but that failing to make a challenge before sentencing would result in waiver.

The district court also asked Walker specifically about the prior conviction:

THE COURT: . . . . Now, you had a prior conviction for drug distribution, did you not, Mr. Walker?

THE DEFENDANT: Yes.

THE COURT: Tell me about that, please.

THE DEFENDANT: I served a year and a day in 2010 in a federal penitentiary.

THE COURT: All right. Were you convicted in this District?

THE DEFENDANT: Yes.

THE COURT: And what was the crime?

THE DEFENDANT: Distribution of heroin, conspiracy, crack cocaine base.

THE COURT: Did you plead guilty or did you go to trial?

THE DEFENDANT: Pled guilt[y].

R. 47, PageID 205–06.

After the hearing, Walker filed his sentencing memorandum. The memorandum stated that "[b]ecause [Walker] has a prior offense his mandatory minimum sentence is 120 months." R. 36, PageID 85. Recognizing the mandatory minimum, the memorandum requested that the court "consider a sentence of 120 months" and not impose a higher sentence. *Id.* at PageID 87, 88.

Once Walker entered his plea, the district court held a sentencing hearing, in which it reiterated that Walker's mandatory minimum sentence was 120 months. The court then asked Walker's attorney if he "ha[d] any objection to the Court's guideline range determination." R. 48, PageID 215. Walker's attorney answered, "No, your Honor." *Id.* Walker's attorney then orally renewed the sentencing memorandum's request for a sentence of 120 months, and he did not object

when the district court announced that it would impose that sentence plus a mandatory eight years of supervised release.

On February 11, 2015, Walker filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied all grounds in the motion except for Walker's argument that his lawyer rendered ineffective assistance by failing to discuss a possible appeal with him after sentencing. Based on the ineffective-assistance claim, the district court vacated Walker's sentence and entered a new judgment so that Walker could file a direct appeal.

Walker then appealed his sentence. He makes three arguments not raised at sentencing. First, he asks this court to find that his sentence is unconstitutional because, under *Alleyne v. United States*, 570 U.S. 99 (2013), the indictment was required to, and did not, allege his prior felony drug conviction as well as the penalty provisions of 21 U.S.C. § 841. Second, Walker argues that the district court violated the procedural requirements of 21 U.S.C. § 851(b) by not engaging in a colloquy with Walker regarding his prior conviction. Finally, Walker argues that the 120-month sentence violates the Eighth Amendment.

## II. DISCUSSION

### A. Standard of Review

As an initial matter, we must address the government's argument that Walker has waived all challenges to his sentence. Citing this court's decision in *United States v. Priddy*, the government argues that Walker has "explicitly agreed" to the 120-month sentence and therefore waived "any challenge to [the] enhancement on appeal." 808 F.3d 676, 681 (6th Cir. 2015), *abrogated on other grounds by United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc). *Priddy*, and several other decisions of this court, provide some support for the waiver argument. *See, e.g.*, *United States v. McBride*, 826 F.3d 293, 294–95 (6th Cir. 2016); *United States v. Aparco-*

*Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). However, these cases found waiver where the defendant agreed to the district court's classification of the prior convictions for sentencing purposes, not where the defendant failed to raise an argument that his sentencing violated constitutional or statutory procedural requirements. Indeed, in *Aparco-Centeno*, this court held the defendant had waived his argument that prior convictions qualified as Armed Career Criminal Act "aggravated felonies," but it addressed the merits of his argument—similar to one of Walker's—that his prior convictions had to be proven beyond a reasonable doubt as elements of his crime. 280 F.3d at 1088. Here, Walker does not challenge his eligibility for the enhancement; instead, he argues that the district court failed to comply with constitutional and statutory requirements in imposing it and that it is substantively unconstitutional. *See United States v. Young*, 847 F.3d 328, 363 (6th Cir. 2017) (analyzing Eighth Amendment challenge to sentence under plain-error standard where defendants did not raise it to the district court); *Aparco-Centeno*, 280 F.3d at 1088; *cf. McBride*, 826 F.3d at 294 (finding waiver where the defendant for the first time on appeal "contest[ed] his career-offender designation, arguing that . . . [his prior conviction] [was] not a predicate offense"). In the interests of caution, therefore, we find that Walker has not waived his challenges to his sentence.

However, because Walker failed to object to his sentencing in the district court, we review only for plain error. *Young*, 847 F.3d at 363; *Aparco-Centeno*, 280 F.3d at 1087. To prevail on plain-error review, Walker must show that the district court committed "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness,

integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Olano*, 507 U.S. at 732). An error "affects substantial rights" if it "affected the outcome of the case." *United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008) (citing *Olano*, 507 U.S. at 734); *see also* Fed. R. Crim. P. 52.

## B. Walker's Challenge to the Indictment

Walker argues that his indictment was defective because it failed to allege his prior conviction. He bases this argument on *Alleyne*, in which the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," 570 U.S. at 103, and *Almendarez-Torres v. United States*, in which the Court stated that "[a]n indictment must set forth each element of the crime that it charges," 523 U.S. 224, 228 (1998) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

However, *Almendarez-Torres* renders Walker's argument dead on arrival. The Court there stated that the indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Id.*; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . . ." (emphasis added)). Although Walker correctly notes that some justices have expressed doubts regarding the correctness of this exception for prior convictions, *see, e.g.*, *Apprendi*, 530 U.S. at 489; *Almendarez-Torres*, 523 U.S. at 249 (Scalia, J., dissenting), the Supreme Court has never overruled *Almendarez-Torres*. What is more, this court has repeatedly noted that *Almendarez-Torres* precludes any argument that a prior conviction used only for sentencing should be considered an "element" of the charged crime. *See, e.g.*, *Young*, 847 F.3d at 369; *United States v. Nagy*, 760 F.3d 485, 488–89 (6th Cir. 2014).

Walker also argues that the indictment should have contained "a specific reference to the penalty citation" of the statute he was alleged to have violated, 21 U.S.C. § 841. Appellant Br. at 9. By this argument, Walker apparently means that the indictment should have referred to § 841(b), which prescribes penalties for violations of § 841(a). He cites no authority for this conclusion other than *Alleyne*, and he points to no language in *Alleyne* that would require the indictment to refer to the penalty provision. Instead, Federal Rule of Criminal Procedure 7(c)(1) simply requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

The indictment in this case met these requirements. It alleged the elements of a § 841(a)(1) violation: knowing or intentional possession with intent to distribute a controlled substance. And it included the amount of heroin Walker was alleged to have possessed: 206 grams, which would subject him to penalties under § 841(b)(1)(B)(i). That the indictment did not also mention § 841(b)(1)(B)(i) specifically does not mean that an "essential fact[] constituting the offense charged" was omitted. Fed. R. Crim. P. 7(c)(1); *see also United States v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003) (rejecting defendant's argument that his indictment was required to "specifically reference the penalty provisions of 21 U.S.C. § 841(b)"). Because the indictment alleged all elements of the offense with which Walker was charged, it was not defective.

In sum, the district court did not err in sentencing Walker when his indictment had not referred to his prior conviction or to the penalty provisions of § 841.

### C. Walker's § 851(b) Argument

Next, Walker argues that the district court erred by failing to engage in a colloquy under

21 U.S.C. § 851(b). That section provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

As noted above, the district court did ask Walker whether he had been previously convicted, and

he replied that he had pled guilty to and been sentenced for distribution of heroin and conspiracy

to distribute cocaine base. The district court also made clear that Walker had to raise any

challenges to the prior-conviction enhancement before sentencing. However, Walker correctly

points out that these exchanges took place during the plea hearing rather than "after conviction but

before pronouncement of sentence," as the statute requires. *Id.*

Nevertheless, as the government argues, the district court's "failure to engage in the

colloquy required by section 851(b) is subject to harmless error analysis." *United States v.*

*Denkins*, 367 F.3d 537, 549 (6th Cir. 2004) (quoting *United States v. Hill*, 142 F.3d 305, 313 (6th

Cir. 1998)). We have found the failure to engage in a § 851(b) colloquy harmless where a

defendant "neither filed the requisite response under § 851(c)(1) challenging the validity of his

prior drug convictions, nor . . . object[ed] at sentencing to the use of these convictions to trigger a

statutory minimum 10-year term of imprisonment." *Id.*

Here, Walker never objected to the use of the prior conviction; to the contrary, he agreed

all along that it subjected him to an enhancement. Furthermore, he did not "file a written response

to the [government's] information" contesting the use of the conviction, as 21 U.S.C. § 851(c)

requires of defendants who wish to deny a prior conviction or assert that it is invalid. Indeed,

although Walker asks this court to find fault with the district court's procedure, "[e]ven on appeal, [he] has not suggested any basis for questioning the validity of" the prior conviction. *Denkins*, 367 F.3d at 549 n.4. Therefore, any error by the district court was harmless.

Because harmless error falls short of plain error, see Federal Rule of Criminal Procedure 52, Walker has not persuaded us that the district court plainly erred in applying the prior-conviction enhancement despite arguably failing to follow the requirements of § 851(b).

### D. Walker's Eighth Amendment Argument

Finally, Walker argues that his sentence violates the Eighth Amendment because ten years' imprisonment is disproportionate to his offense. He contends that the "proportionality analysis . . . is especially pertinent when, as here, the government uses prior nonviolent crimes to increase a mandatory-minimum sentence." Appellant Br. at 13 (citing *Solem v. Helm*, 463 U.S. 277, 296–97 (1983)). The crux of Walker's argument appears to be that the mandatory minimum sentence of ten years unconstitutionally deprived the district court of "the opportunity to assess the particular nature of [Walker's] culpability" and exercise its discretion to give him a lower sentence. *Id.* at 14.

As the government argues, however, this court has repeatedly rejected similar arguments based on similar sentences for similar crimes. *See, e.g.*, *Young*, 847 F.3d at 365 (upholding mandatory life sentence for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, where defendants had prior felony drug convictions); *United States v. Blewett*, 746 F.3d 647, 660 (6th Cir. 2013) (en banc) (upholding mandatory minimum of ten years' imprisonment for possession with intent to distribute 19.65 grams of crack cocaine, where defendant had prior felony drug conviction); *United States v. Thornton*, 609 F.3d 373, 378–79 (6th Cir. 2010) (upholding mandatory life sentence for conspiracy

to possess with intent to distribute cocaine and cocaine base, where defendant had three prior felony drug convictions); *United States v. Jones*, 569 F.3d 569, 570 (6th Cir. 2009) (upholding mandatory minimum of ten years' imprisonment for possession with intent to distribute over fifty grams of cocaine base). Therefore, Walker does not persuade us that his ten-year mandatory minimum sentence violates the Eighth Amendment. Accordingly, the district court did not err in imposing that sentence.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Walker's sentence.