# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENDELL TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-108

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

In 2008, Wendell Taylor pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Taylor's plea agreement contained a waiver of his right to appeal or collaterally challenge his conviction or sentence on any ground. In his original sentencing, he was subject to an enhanced statutory minimum sentence of 15 years (180 months) under the Armed Career Criminal Act (ACCA) because he had, relevantly, "three previous convictions . . . for a violent felony[.]" 18 U.S.C. § 924(e). Taylor avers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60425

that his ACCA predicates were Mississippi convictions for house burglary, burglary of an occupied dwelling, and manslaughter.[1]   Based on the same predicates, Taylor also received a career-offender guidelines enhancement.  As a result, his minimum sentence would have been 180 months; but, prior to sentencing, the Government moved for a downward departure and to "impose a sentence below the statutory minimum" based on Taylor's substantial assistance.  *See* U.S.S.G. § 5K1.1.  Apparently granting the motion, the district court sentenced Taylor to 151 months of imprisonment, followed by five years of supervised release. Taylor did not appeal his conviction or sentence.

In 2015, the Supreme Court issued *Johnson v. United States*, which invalidated, as unconstitutionally vague, the ACCA's "residual clause" definition of "violent felony."   135 S. Ct. 2551, 2555-57 (2015) ("*Samuel Johnson*").  Subsequently, Taylor filed a 28 U.S.C. § 2255 motion to vacate his ACCA and career-offender guideline sentences in light of *Samuel Johnson*.  In pertinent part, he argued that his manslaughter conviction no longer qualifies as a "violent felony" under the ACCA following *Samuel Johnson* because none of the relevant Mississippi manslaughter statutes has "as an element the use, attempted use, or threatened use of physical force against the person of another."  § 924(e)(2)(B)(i); *cf. United States v. Reyes-Contreras*, 910 F.3d 169, 179-80 (5th Cir. 2018) (en banc) (explaining the meaning of use of force in the context of a sentencing guidelines provision for a crime of violence); *United States v. Griffin*, 946 F.3d 759 (5th Cir. 2020) (concluding that Mississippi aggravated assault was a violent felony under the ACCA).

---

[1] The indictment also lists a fourth § 922(g)(1) predicate, a 1995 Mississippi conviction for business burglary.  In his § 2255 motion, Taylor avers that "the prosecution abandoned its position that business burglary i[s] a 'violent felony' under the ACCA," but cites nowhere in the record where that occurred.  Given our ruling, this issue is irrelevant.

No. 18-60425

Without reaching the merits of the *Samuel Johnson* argument, the district court granted the Government's motion to dismiss, agreeing that Taylor's collateral attack of his ACCA sentence was barred by the appeal waiver in his plea agreement.  The court also denied a certificate of appealability (COA).  On appeal, we granted a COA "on the issue of whether [Taylor's *Samuel*] *Johnson* claim is barred by the collateral-review waiver."

Although not mentioned by the parties in their 2019 briefing, Taylor was released from prison in December of 2018. We must consider our jurisdiction sua sponte.  However, we conclude that this appeal is not moot because Taylor's term of supervised release is still in effect.  *See United States v. Johnson*, 529 U.S. 53, 60 (2000); *see also United States v. Solano-Hernandez*, 761 F. App'x 276, 280 (5th Cir. 2019) (concluding that challenge to a sentence was not moot because the defendant remained subject to a period of supervised release, even though he had been released from prison and had not specifically challenged his supervised release sentence on appeal).  We therefore address the parties' arguments on the waiver issue.[2]

Taylor argues that his predicate crimes are no longer violent felonies as a result of *Samuel Johnson*.  He claims that his appeal waiver cannot apply to this argument about *Samuel Johnson* since such an argument did not exist at the time of his waiver.  He further argues that we have conflicting precedents on the applicability of waiver in this situation but relies upon *Smith v. Blackburn*, 632 F.2d 1194 (5th Cir. 1980) and *United States v. Wright*, 681 F. App'x 418 (5th Cir. 2017) to support his argument.  In turn the Government contends that, under the rule of orderliness, the relevant case is *United States v. Creadell Burns*, 433 F.3d 442, 443-44 (5th Cir. 2005), which held that a party

---

[2]  Taylor sought an initial hearing en banc on the question of whether a party's waiver of collateral review encompasses legal claims arising under subsequent law announced following the waiver.  The full court denied that request.

sentenced under the mandatory Guidelines scheme who waived his right to collaterally attack his sentence could not benefit from the Supreme Court's January 2005 decision in *United States v. Booker*, 542 U.S. 296 (2005), that rendered the Guidelines advisory only. *Creadell Burns*, 433 F.3d at 449, 451. Thus, Burns's appeal waiver was not invalidated "merely because the waiver was made before *Booker*." *Id.* at 450-51. In so holding, the court noted that Burns had "know[n] the appellate rights he had" at the time he voluntarily waived them. *Id.* at 450.

The Government avers that *Creadell Burns* resolves the waiver issue against Taylor because Taylor knowingly and voluntarily waived his right to collaterally attack his sentence in pleading guilty and his waiver survived the changes wrought by *Samuel Johnson*. Taylor counters that *Creadell Burns* is distinguishable because a decision prior to that defendant's waiver showed the pathway to *Booker*.[3] 433 F.3d at 450 n.9. On the other hand, Taylor asserts, he "had no notice whatsoever that the retroactively applicable holdings in [*Samuel*] *Johnson* would affect his sentence" at the time he pleaded guilty because *Samuel Johnson* would not be decided for another six years. The Government replies by noting that the *Creadell Burns* panel enforced the appeal waiver despite observing that, while he was aware of *Blakely* at the time of his plea, "'Burns did not know whether or how the Supreme Court would apply its *Blakely* holding to the Guidelines.'" *Id.*

Taylor additionally argues that this court should disregard *Creadell Burns* because it conflicts with *Smith* and, under this court's rule of orderliness, *Smith* prevails. *United States v. Walker*, 302 F.3d 322, 325 (5th Cir. 2002) (holding that under the rule of orderliness, "the earlier precedent controls"). The Government contends that because *Smith* did not involve a

---

[3] The decision in question was *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

4

collateral-review waiver, it does not conflict with *Creadell Burns* and, therefore, does not control under the rule of orderliness.[4]

We conclude that *Creadell Burns* governs under the rule of orderliness because *Smith* did not include a plea agreement waiver. *See Smith*, 632 F.2d at 1195. For that reason, *Smith* is not dispositive under the rule of orderliness. *See Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012) (applying the rule of orderliness where "a previous panel . . . resolved *this* question," meaning the precise question at issue in the later appeal) (emphasis added). We note that in *Wright*, our court held that the Government had "waived the waiver" argument. Further, that case is unpublished and, therefore, not controlling. Indeed, a different unpublished opinion from our court is more persuasive: *United States v. Timothy Burns*, 770 F. App'x 187 (5th Cir.), *cert. denied*, 140 S. Ct. (2019). Burns pleaded guilty to armed bank robbery and brandishing a firearm during a crime of violence, waiving his rights to appeal and collateral review, and was sentenced as a career offender under the Guidelines. 770 F. App'x at 189. Following the issuance of *Samuel Johnson*, Burns filed a § 2255 motion "asserting that his prior convictions no longer qualified him for the career offender enhancement and that his brandishing conviction should be vacated." *Id.* Relevantly, Burns argued that his collateral-review waiver was unenforceable because he could not waive a right "that did not exist at the time he agreed to the waiver," citing as support the Sixth Circuit's opinion in *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016) (holding that "McBride could not have intentionally

---

[4] The Government further contends that *Smith* is inapposite because the defendant therein "was forced to choose between two unconstitutional choices"—trial by either a five-person jury or a six-person jury requiring the consent of only five to convict—whereas "[t]here is nothing unconstitutional about waiving post-conviction relief" as Taylor did. We do not reach this argument.

relinquished a claim based on [*Samuel*] *Johnson*, which was decided after his sentencing"). *Timothy Burns*, 770 F. App'x at 190.

We distinguished *McBride* because the plea agreement in that case did not include an appeal waiver. 770 F. App'x at 190; *see McBride*, 826 F.3d at 294-95. We noted that we "continue[s] to enforce waivers despite changes in law," and held that Burns's argument was "foreclosed" by *Creadell Burns*. *Timothy Burns*, 770 F. App'x at 190-91. Accordingly, we concluded that Burns had waived his collateral challenge to the career offender enhancement and affirmed the denial of § 2255 relief. *Id.* at 191. Although as an unpublished opinion, *Timothy Burns* is not controlling precedent, it is "highly persuasive" because it rejected an argument materially identical to Taylor's. *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011); *see Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

In sum, we conclude that the district court did not err in dismissing Taylor's § 2255 claim due to his plea waiver. AFFIRMED.