NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0128n.06

Case No. 14-5111

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 12, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JULIUS MAURICE KNOX, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

O P I N I O N

BEFORE: GIBBONS, SUTTON, and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge. A defendant waives the argument that he does not qualify as a career offender by explicitly agreeing before the district court that he does qualify as one. Because Julius Knox waived his only appellate argument, we affirm his sentence.

On October 21, 2010, Knox sold a little over a third of a gram of crack cocaine in a Frisch's Big Boy bathroom in Kentucky. Unhappily for Knox, the buyer was a confidential informant, and the sale led to Knox's federal indictment for knowingly distributing a controlled substance under 21 U.S.C. § 841(a)(1). Knox pled guilty and awaited his sentence.

Prior convictions can affect the length of a sentence, and this was not Knox's first run-in with the law. Between the ages of eighteen and twenty-six, he faced one or more charges twenty

separate times, and the government convicted him in fourteen of the incidents. R. 43 at 5–11 (Presentence Report). A probation officer determined that at least two of those prior convictions were "felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 4B1.1(a), meaning that, when coupled with his current conviction, Knox was a "career offender." R. 43 at 11. The career-offender designation put Knox's guidelines' prison term at between 188 and 235 months (about 15½ to 19½ years). Neither party objected to the designation or suggested sentence.

Before issuing a sentence, the district court heard from Knox's counsel, who agreed that the guidelines were "calculated correctly," R. 49 at 3, and that Knox "qualifies as a Career Offender." R. 35 at 2. Rather than challenge that designation, he asked the court to reduce the sentence to ten years for equitable reasons. The court accepted the first part of the argument (that the career-offender designation applied) but rejected the second part (that Knox's sentence should be ten years). It followed the guidelines and sentenced Knox to 198 months (16½ years) in prison. Neither side objected to the sentence.

Knox appealed with new counsel, raising only one issue: He does not qualify as a career offender. Because that is directly contrary to the previous concession that he *does* qualify as one, *e.g.*, R. 35 at 2, the government argues that Knox waived this argument. We agree.

Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). A defendant waives an argument that he does not qualify for a sentencing enhancement by "explicitly agree[ing]" that he *does* qualify. *United States v. Aparco–Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). Such explicit agreement occurs when the defendant expresses a "plain, positive concurrence" with applying the enhancement, *United States v. Mabee*, 765 F.3d 666, 671–73 (6th Cir. 2014), like when he "agree[s] in open

2

court" that he qualifies for a designation that increases his sentence. *Aparco-Centeno*, 280 F.3d at 1088. After agreeing, the defendant cannot make the opposite argument on appeal; the argument is waived and we do not review it. *Id.*; *see United States v. Hall*, 373 F. App'x 588, 591 (6th Cir. 2010).

Knox waived his argument. His counsel explicitly agreed that Knox "qualifies as a Career Offender." R. 35 at 2. Knox now recognizes as much: "[His counsel] repeatedly conced[ed] and/or agree[d] that Mr. Knox was a 'career offender.'" Reply Br. 2. His counsel even conceded specifics that directly undermine Knox's appellate argument. Knox argues here that he is not a career offender because one of the prior felonies needed to make him one—felony assault under extreme emotional disturbance (a Kentucky crime)—is not a "crime of violence." Appellant Br. 12–14. Yet his counsel below conceded that the same crime counts as "a proper predicate" felony under U.S.S.G. § 4B1.1(a)—meaning it *is* a crime of violence. R. 49 at 13–14; *see id.* at 3. That is more than enough explicit agreement to constitute waiver.

Knox responds with refreshing candor, agreeing that the "waiver problems" in his appeal mean that we would not ordinarily review his argument. Reply Br. 4. But, he says, we should review his sentence for plain error—in the "interests of justice." *Id.* (citing *Aparco-Centeno*, 280 F.3d at 1088). Justice was done here, however, because the district court did not err, plainly or otherwise.

Plain-error review presents a steep hill to climb in any case. That hill becomes a mountain here because we have held that the Kentucky felony "assault under extreme emotional disturbance"—the very crime Knox challenges—is "a violent felony under the [Armed Career Criminal Act]." *United States v. Colbert*, 525 F. App'x 364, 370 (6th Cir. 2013). And the mountain becomes insurmountable because we treat violent felonies under the Armed Career

3

Criminal Act the same as crimes of violence under the guidelines. *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). *Colbert* thus squarely governs, at least for plain-error review. That *Colbert* is unpublished does not matter to the plain-error analysis: Because there was no Supreme Court or published Sixth Circuit case law to the contrary, the district court did not plainly err in following "the law, albeit unpublished, of this circuit." *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002); *see United States v. Woodruff*, 735 F.3d 445, 450 (6th Cir. 2013). And even if *Colbert* were plainly wrong, now is not the time for us to change course: We may not "fashion a new rule [on plain-error review] and then apply it to determine whether the district court's error was plain." *Woodruff*, 735 F.3d at 451.

But *Colbert* is not plainly wrong, and so Knox would not succeed even if we gave his claim a fresh look. He relies on *Begay v. United States*, 553 U.S. 137 (2008), and its progeny in our circuit to argue that the Kentucky crime of felony assault under extreme emotional disturbance does not involve the same kind of "purposeful, violent, and aggressive conduct" as the crimes listed in U.S.S.G. §4B1.2(a)(2). Appellant Br. 13–16. But it does: It requires "the specific intent" to "cause[] physical injury." *Nichols v. Kentucky*, 142 S.W.3d 683, 690 & n.13 (Ky. 2004); *see* Ky. Rev. Stat. Ann. § 508.040 & cmt. (1974); *accord Colbert*, 525 F. App'x at 368. So it is a "crime of violence" no matter how you cut it. U.S.S.G. 4B1.2(a)(1) & (2).

For these reasons, we affirm.

4