**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO VERA-VALDEVINOS, AKA Guillermo Vera-Valdovinos, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-73861 Agency No. A078-021-885 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2016
San Francisco, California

Before: NOONAN, BEA, and CHRISTEN, Circuit Judges.

Guillermo Vera-Valdevinos, a lawful permanent resident, appeals from the

Board of Immigration Appeals ("BIA")'s dismissal of his appeal of an immigration

judge's decision finding him removable under section 237(a)(2)(B)(i) of the

Immigration and Nationality Act ("INA") for a controlled substance violation and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

denying cancellation of removal under INA § 240A(a). We review constitutional claims and legal questions de novo. We grant the petition to review.

First, this Court considers whether Vera-Valdevinos is removable. Vera-Valdevinos was convicted of violating Ariz. Rev. Stat. § 13-3408, which prohibits the possession, selling, manufacturing, administering, procuring, transporting, importing, and offering to transport a "narcotic drug." Ariz. Rev. Stat. § 13-3408(1)-(7). Under INA § 237(a)(2)(B)(i), an alien is deportable if he is "convicted" of a violation "relating to a controlled substance (as defined in section 802 of Title 21)." At oral argument, the government conceded that Ariz. Rev. Stat. § 13-3408 is overbroad because Arizona prohibits criminal possession of two substances, Benzylfentanyl and Thenylfentanyl, which are not on the Federal Controlled Substance Schedule. *Compare* Ariz. Rev. Stat. § 13-3401(20)(n), (cccc), *with* 21 U.S.C. § 802. Accordingly, for the purpose of this disposition, this

Court finds that under the categorical approach,[1] Ariz. Rev. Stat. § 13-3408 is not a ground for deportation.

Second, this Court considers whether a conviction under Ariz. Rev. Stat. § 13-3408(A)(7) is an aggravated felony under INA § 101(a)(43)(B) ("illicit trafficking in a controlled substance (as defined in section 802 of Title 21") when examined under the categorical method. Because this Court finds that Ariz. Rev. Stat. § 13-3408 is overbroad due to Arizona's regulation of two substances not on the Federal Controlled Substance Schedule, by definition a conviction under Ariz. Rev. Stat. § 13-3408(A)(7) cannot be for illicit trafficking in a federally controlled substance.

The government requests that this case be remanded so that the BIA may reassess Vera-Valdevinos's removability and relief from removal. According to

---

[1]Ariz. Rev. Stat. § 13-3408 is indivisible. "[A] statute is indivisible if the jury may disagree on the fact at issue yet still convict." *Lopez-Valencia v. Lynch*, 798 F.3d 863, 869 (9th Cir. 2015) (internal quotation marks omitted). Arizona's jury instructions do not require the jury to make a finding of fact regarding the specific substance at issue. *See* Rev. Ariz. Jury Instructions (Criminal), 34.0871 (3d ed.) ("The crime of [transporting narcotic drugs for sale] [importing narcotic drugs into this state] [selling narcotic drugs] [transferring narcotic drugs] requires proof of the following: 1. The defendant knowingly [transported a narcotic drug for sale] [imported a narcotic drug into this state] [sold a narcotic drug] [transferred a narcotic drug]; *and* 2. The substance was in fact a narcotic drug.").

the government, the agency failed to apply the categorical and modified categorical approaches when determining removability.

A court of appeals generally should remand a case to an agency for decision of a matter placed primarily in agency hands by statute. *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). This Court, however, generally does not remand to the BIA to apply the categorical or modified categorical approach where: (1) "only legal questions remain and these questions do not invoke the Board's expertise;" (2) "all relevant evidence regarding the conviction had been presented to the BIA in earlier proceedings;" and (3) "the BIA had already once determined that the offense fell within the generic definition of the crime, even if only at the categorical stage." *Flores-Lopez v. Holder*, 685 F.3d 857, 865 (9th Cir. 2012) (internal quotation marks omitted); *Fregozo v. Holder*, 576 F.3d 1030, 1039 (9th Cir. 2009). All three factors are present here, which makes remand unnecessary.

The government's motion to remand is denied.

**PETITION FOR REVIEW GRANTED.**