RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0130p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 17-6057

DALLAS T. MAYNARD,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 7:17-cr-00005—Karen K. Caldwell, Chief District Judge.

Decided and Filed:  July 3, 2018

Before:  SILER, COOK, and WHITE, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Sebastian M. Joy, JOY LAW OFFICES, Catlettsburg, Kentucky, for Appellant. Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

COOK, J., delivered the opinion of the court in which SILER and WHITE, JJ., joined. WHITE, J. (pg. 5), delivered a separate concurring opinion.

───────────────

## OPINION

───────────────

COOK, Circuit Judge.  Dallas Maynard pleaded guilty to possessing an explosive as a felon.  The previous felony?  Assault under extreme emotional disturbance in Kentucky.  The consequence?  An increased base offense level under the Sentencing Guidelines.  Agreeing with

the district court that this prior conviction qualifies as a crime of violence, we AFFIRM Maynard's sentence.

**I.**

Maynard and others stole over 700 pounds of blasting agent from a Revelation Energy job site. A grand jury indicted him on multiple counts and he pleaded guilty to one—possessing an explosive as a felon, under 18 U.S.C. § 842(i)(1). Relying on Maynard's prior convictions for second-degree assault under extreme emotional disturbance in Kentucky and assault during the commission of a felony in West Virginia, the Presentence Report calculated his base offense level under the Sentencing Guidelines as 24. *See* U.S.S.G. § 2K1.3(a)(1).

Maynard contested this scoring. The base offense level should be 16, he argued, because neither of the two underlying felony convictions is a "crime of violence." Although the district court sustained Maynard's objection to the West Virginia offense, it overruled his objection regarding the Kentucky one. With one felony conviction for a crime of violence instead of two, Maynard's base offense level dropped to 20, *see* U.S.S.G. § 2K1.3(a)(2); the court ultimately sentenced him to a below-Guidelines 108 months' imprisonment. Maynard appeals the district court's treating his Kentucky assault under extreme emotional disturbance as a crime of violence and asks us to remand for resentencing.

**II.**

We give fresh review to the district court's determination that a prior conviction constitutes a crime of violence. *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013). The Guidelines label as a "crime of violence" any federal or state law offense punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "We have not hesitated to use authority interpreting the elements clause in the Armed Career Criminal Act in interpreting the same phrase in the Guidelines." *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017); *see* 18 U.S.C. § 924(e)(2)(B)(i).

To determine whether the Sentencing Guidelines' elements clause covers the Kentucky assault Maynard challenges, we apply a categorical approach and focus on the statutory definition of the offense. *See Patterson*, 853 F.3d at 302. "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *Id.*

That's what we have here. Kentucky's assault under extreme emotional disturbance statute reads:

> (1) In any prosecution under KRS 508.010 [first-degree assault], 508.020 [second-degree assault] or 508.030 [fourth-degree assault] in which intentionally causing physical injury or serious physical injury is an element of the offense, the defendant may establish in mitigation that he acted under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020.

Ky. Rev. Stat. § 508.040. Maynard argues that a defendant need not have used force to be convicted of this crime. But the statute's plain language requiring that the defendant *intentionally* cause a physical injury in committing the underlying assault reads otherwise.

We also make quick work of Maynard's contention that the statute excuses the intentional nature of the assault and therefore somehow does not qualify as a crime of violence. Holding that assault under extreme emotional disturbance is a violent felony under the ACCA, *United States v. Colbert* explained that "extreme emotional disturbance does not negate the intent elements of first or second degree assault under Kentucky law." 525 F. App'x 364, 368 (6th Cir. 2013). Maynard, like Colbert, "ignores the plain language of § 508.040, which limits the application of assault under extreme emotional disturbance to prosecutions . . . 'in which *intentionally* causing physical injury or serious physical injury *is an element* of the offense.'" *Id.* at 370 (quoting Ky. Rev. Stat. § 508.040).

*United States v. Knox* closes the door. 593 F. App'x 536 (6th Cir. 2015). That case considered the very question presented here, albeit under plain-error review. *Id.* at 537–38. Relying on *Colbert* "because we treat violent felonies under the [ACCA] the same as crimes of violence under the guidelines," *Knox* concluded that Kentucky's assault under extreme emotional disturbance "is a 'crime of violence' no matter how you cut it." *Id.* Maynard, like Knox, relies

on *Begay v. United States*, 553 U.S. 137 (2008), to argue that this crime "does not involve the same kind of 'purposeful, violent, and aggressive conduct' as the crimes listed in U.S.S.G. § 4B1.2(a)(2)." *See Knox*, 593 F. App'x at 538. Even if that were correct—and we agree with *Knox* that it is not, *id.*—assault under extreme emotional disturbance in Kentucky remains a crime of violence under the Guidelines' elements clause because it requires proving that someone used physical force against another. *See* U.S.S.G. § 4B1.2(a)(1). Maynard addresses neither *Colbert* nor *Knox*, and his arguments do not persuade us to vary from the paths taken in those cases.

**III.**

We AFFIRM.

_____

**CONCURRENCE**

_____

HELENE N. WHITE, Circuit Judge, concurring.  I concur because I believe Maynard's arguments are foreclosed by the majority decision in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012).  This is especially so because the Ohio statute at issue in *Anderson* required "knowingly" causing injury and the statute here involves the higher standard of intentionally causing the injury.