NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0312n.06

No. 24-5573

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| JOSHUA DELMARE HABERN, | ) | OPINION |
| Defendant - Appellant. | ) | |

**FILED**
Jun 24, 2025
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; GIBBONS and WHITE, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Defendant Joshua Delmare Habern pled guilty to several drug and firearm charges. During sentencing, the district court overruled Habern's objection and determined that Habern was a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The district court then sentenced Habern to a below-Guidelines sentence of 300 months. Habern appeals the district court's sentence, arguing that (i) he is not a career offender under U.S.S.G. § 4B1.1 and (ii) his sentence is substantively unreasonable because the district court did not accord his mitigating evidence sufficient weight. We conclude that Habern is a career offender under U.S.S.G. § 4B1.1 and that his sentence was substantively reasonable. Accordingly, we affirm the district court's sentence.

I.

In January 2024, Habern pled guilty to three charges: (i) knowing and intentional possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count

One); (ii) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and (iii) knowing and intentional possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) (Count Eight).  Before sentencing, a United States probation officer prepared a presentence investigation report ("PSR"), which concluded that Habern was a "career offender" under U.S.S.G. § 4B1.1 based on Habern's 2007 and 2013 convictions for second-degree assault under extreme emotional disturbance, both pursuant to Kentucky Revised Statute § 508.040.  Habern objected to the PSR's designation of his convictions under Kentucky Revised Statute § 508.040 as a "crime of violence," arguing that he lacked the traditional intent required for crimes of violence on both occasions.

During the sentencing hearing, Habern again objected to his designation as a "career offender" under U.S.S.G. § 4B1.1.  The district court overruled Habern's objection based on this court's holding in *United States v. Maynard*, 894 F.3d 773 (6th Cir. 2018).  Next, it determined that the applicable Guidelines range for Counts One and Eight was 262 to 367 months' incarceration.  Considering the factors under 18 U.S.C. § 3553(a), the district court imposed a below-Guidelines sentence of 240 months for these Counts.  With the minimum mandatory sentence of 60 months for Count  Two, which was required to run consecutively, the district court imposed a total term of 300 months' incarceration, followed by a five-year term of supervised release.

Habern timely appeals the district court's sentence, arguing that he is not a "career offender" because neither of his two underlying felony convictions is a "crime of violence" under U.S.S.G. § 4B1.2 and that his sentence is substantively unreasonable.

II.

We review whether a defendant is a career offender and whether a crime is a crime of violence under the Guidelines de novo. *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010).

We review the reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Reasonableness has both substantive and procedural components[.]" *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007). Substantive reasonableness concerns "whether a 'sentence is too long (if a defendant appeals) or too short (if the government appeals).'" *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (citation omitted). Procedural reasonableness concerns whether the district court followed proper procedures, including whether it properly calculated the Guidelines range. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). When a party does not challenge the procedural reasonableness of a sentence, we limit our review to whether the sentence was substantively reasonable. *United States v. Reilly*, 662 F.3d 754, 757 (6th Cir. 2011).

We may not reverse a district court's sentence merely because we may have determined that a different sentence was appropriate. *Id.* at 759. This is because a "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id.* at 761 (citation omitted). Nevertheless, in determining whether a sentence is substantively reasonable, we consider whether "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Abdulmutallab*, 739 F.3d 891, 908 (6th Cir. 2014) (citation omitted). A "district court's decision to assign more or less weight to a given factor is 'a matter of reasoned discretion,

not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *United States v. Mitchell*, 107 F.4th 534, 544 (6th Cir. 2024) (citations omitted).

Within-Guidelines sentences are presumptively reasonable. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). By extension, below-Guidelines sentences are also presumptively reasonable. *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). Defendants who challenge a below-Guidelines sentence on grounds of substantive unreasonableness thus bear an "even more demanding" burden than those who challenge a within-Guidelines sentence. *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) (quoting *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (order)).

III.

On appeal, Habern argues that (i) he is not a "career offender" under U.S.S.G. § 4B1.1 because neither of his two underlying felony convictions is a "crime of violence" and (ii) his sentence is substantively unreasonable because the district court failed to consider Habern's history of mental illness. We address each argument in turn.

A.

The district court did not err in determining that Habern is a "career offender" under U.S.S.G. § 4B1.1. To be a "career offender," Habern must have at least two prior felony convictions that are either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Under the Guidelines' elements clause, a felony is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1).

In determining whether the Guidelines' elements clause covers Habern's two Kentucky assault convictions under § 508.040, "we apply a categorical approach and focus on the statutory

definition of the offense," *Maynard*, 894 F.3d at 775, given that § 508.040 does not set out several elements in the alternative and is thus not "divisible," *see id*.; *Mathis v. United States*, 579 U.S. 500, 505 (2016). And "[w]e focus on the minimum conduct criminalized by the statute, while resisting the impulse to apply legal imagination to the offense." *Wingate v. United States*, 969 F.3d 251, 263 (6th Cir. 2020) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)) (quotation marks omitted). Applying the categorical approach, if Kentucky Revised Statute § 508.040 requires as an element proving that the defendant used, attempted to use, or threatened to use physical force against another, U.S.S.G. § 4B1.2(a)(1), the Guidelines' elements clause covers the Kentucky assault convictions and renders the convictions under the statute "crimes of violence" for purposes of determining career offender status. Kentucky Revised Statute § 508.040 need not match the Guidelines' elements clause "word for word." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017). Kentucky's assault under extreme emotional disturbance statute states:

> In any prosecution under KRS 508.010 [first-degree assault], 508.020 [second-degree assault] or 508.030 [fourth-degree assault] in which *intentionally causing physical injury or serious physical injury is an element of the offense*, the defendant may establish in mitigation that he acted under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020.

Ky. Rev. Stat. § 508.040(1) (emphasis added). The Guidelines' elements clause covers Habern's 2007 and 2013 Kentucky assault under extreme emotional disturbance convictions because Kentucky Revised Statute § 508.040 requires, as an element of the offense, that someone "*intentionally caus[ed] physical injury or serious physical injury*" against another. *Id.* (emphasis added). Kentucky's statutory definition of assault under extreme emotional disturbance plainly requires "as an element the use . . . of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Therefore, both of Habern's 2007 and 2013 convictions for assault under extreme emotional disturbance are crimes of violence.

Our previous holding in *Maynard* is on all fours. There, we reached the same conclusion and held that Kentucky Revised Statute § 508.040's assault under extreme emotional disturbance "remains a crime of violence under the Guidelines' elements clause because it requires proving that someone used physical force against another." 894 F.3d at 775. Because Habern has at least two prior felony convictions for assault under extreme emotional disturbance from 2007 and 2013, Habern is a "career offender" for purposes of U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.1(a).

Habern's arguments that aggravated assault under Kentucky Revised Statute § 508.040 is not a crime of violence are unavailing. Specifically, Habern argues that § 508.040 negates the intent element of assault such that it no longer constitutes a "crime of violence." We previously rejected a similar argument in *United States v. Colbert*, 525 F. App'x 364 (6th Cir. 2013). There, a defendant asserted that his conviction for assault under extreme emotional disturbance—under the same Kentucky statute—was not a "violent felony" under the Armed Career Criminal Act's (the "ACCA") elements clause. *Id.* at 368. Rejecting defendant's argument, we held that "extreme emotional disturbance does not negate the intent elements of first or second degree assault under Kentucky law." *Id.*; *see also Maynard*, 894 F.3d at 775 (favorably citing *Colbert* for this language). Our holding in *Colbert* applies here with equal force.[1]

Under § 508.040's plain language, a conviction for assault under extreme emotional disturbance requires the same "specific intent" to "cause[] physical injury." *See Nichols v. Commonwealth*, 142 S.W.3d 683, 690 & n.13 (Ky. 2004) (stating that "the instruction on Assault under EED will include the elements of Second–Degree Assault"); *see also United States v. Knox*, 593 F. App'x 536, 538 (6th Cir. 2015) (holding that Kentucky Revised Statute § 508.040's assault

---

[1] Because "[t]he elements clause of the crime of violence provision in the Guidelines is nearly identical to the elements clause in the Armed Career Criminal Act," we may interpret the Guidelines' elements clause using authority interpreting the Armed Career Criminal Act's elements clause. *Patterson*, 853 F.3d at 305.

under extreme emotional disturbance "is a 'crime of violence' no matter how you cut it" (citation omitted)). The commentary of Kentucky Revised Statute § 508.040 itself states that "[§ 508.040] . . . affects only *intentionally-caused assaults* and then *only to the extent of reducing the sanctions.*" Ky. Rev. Stat. § 508.040 cmt. (1974) (emphases added). Conviction under § 508.040 does not negate the intent elements for intentional assaults.

Because conviction for assault under extreme emotional disturbance requires the same specific intent to cause physical injury, Habern's reliance on *United States v. Garcia-Jimenez*, 807 F.3d 1079 (9th Cir. 2015), and *United States v. Simmons*, 917 F.3d 312 (4th Cir. 2019), fails. In *Garcia-Jimenez*, the court applied the same categorical approach and held that, because a New Jersey aggravated assault statute also punished aggravated assaults committed with "only extreme indifference recklessness," the New Jersey statute's definition was broader than the federal definition of aggravated assault. 807 F.3d at 1087. Because the New Jersey statute incorporated a reduced mens rea requirement and was not a "categorical match for the federal generic definition," the court concluded that conviction under the New Jersey statute was not a "crime of violence." *Id.* at 1089. But unlike the New Jersey statute in *Garcia-Jimenez*, Kentucky Revised Statute § 508.040 does not incorporate a reduced mens rea requirement and requires the same specific intent to cause physical injury. Therefore, *Garcia-Jimenez* is inapposite.

In *Simmons*, applying the same categorical approach, the court held that a North Carolina aggravated assault statute's mens rea requirement was broader than the mens rea requirement for "generic aggravated assault" because the North Carolina statute also punished aggravated assaults committed with "culpable negligence." 917 F.3d at 320. Because its range of punishable conduct was "broader in scope," the North Carolina statute could not constitute a "crime of violence." *Id.* But unlike the North Carolina staute in *Simmons*, Kentucky Revised Statute § 508.040, as

discussed, does not incorporate a reduced mens rea requirement and requires the same specific intent to cause physical injury. Therefore, *Simmons*, too, is inapposite.

Consistent with *Maynard* and *Knox*, felony assault under extreme emotional disturbance under Kentucky Revised Statute § 508.040 is a "crime of violence" under U.S.S.G. § 4B1.1(a). Because Habern has at least two prior felony convictions for assault under extreme emotional disturbance, the district court did not err in determining that Habern is a "career offender." *See* U.S.S.G. § 4B1.1(a).

B.

Habern also argues that his below-Guidelines sentence is substantively unreasonable. His core argument is that the district court failed to properly weigh the sentencing factors set out in 18 U.S.C. § 3553(a) because it did not adequately consider Habern's mitigation evidence, in the form of sealed medical records reflecting his history of mental illness. We disagree.

The district court did not overlook Habern's history of mental illness. The record shows that (i) the district court received Habern's medical records, (ii) Habern's PSR included a discussion of his mental-health history, and (iii) both Habern's counsel and the Government's counsel discussed Habern's mental-health issues during his sentencing hearing. Before announcing Habern's sentence, the district court specifically recognized that Habern suffered from "untreated mental illness for most of his life." DE 48, Sentencing Tr., Page ID 204. In addition, the court recommended that Habern participate in mental-health treatment during his term in prison. Based on the foregoing, the district court was well-aware of Habern's mental-health history and likely accounted for this history in affording Habern a downward variance.[2]

---

[2] Before announcing Habern's sentence, the district court stated that it was "going to engage in a slight downward variance . . . from the guidelines because . . . justice should be tempered with mercy." DE 48, Sentencing Tr., Page ID 205.

Ultimately, the district court concluded that Habern's history of mental illness was outweighed by his extensive criminal history and the seriousness of his offenses.[3] The district court did not abuse its discretion merely because it did not accord Habern's history of mental illness the weight that Habern would have preferred. *See United States v. Infante-Cabrera*, 538 F. App'x 706, 708 (6th Cir. 2013).

District courts have broad sentencing discretion, and we do not review for whether a particular sentence would have been more reasonable than the sentence the district court imposed. *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012). Instead, a sentencing judge need only "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (alteration in original) (citation omitted).

We conclude that the district court set forth enough explanation for Habern's sentence. Although "a reasonable sentence based on consideration of the factors does not require a rote listing" of the 18 U.S.C. § 3553(a) factors, *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006), the district court specifically addressed Habern's history and characteristics, § 3553(a)(1), the seriousness of Habern's offenses, § 3553(a)(2)(A), promoting respect for the law, § 3553(a)(2)(A), affording adequate deterrence to further criminal conduct, § 3553(a)(2)(B), and protecting the public from further crimes, § 3553(a)(2)(C). The court's balancing of the § 3553(a)

---

[3] Habern also argues that the district court failed to consider supporting letters submitted to the court from friends and family. We do not require sentencing courts to "describe in detail or list all of the documents or other evidence it considered during sentencing" because "we presume that a district court has reviewed the evidence provided to it." *United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006). Here, the district court explicitly noted during Habern's sentencing hearing that it had received the supporting letters from his friends and family. DE 48, Sentencing Tr., Page ID 196 ("I have received . . . a number of letters from friends and family in support of [Habern]."). The district court was not required to specifically state that it had considered the supporting letters before imposing its sentence.

factors provided a reasoned and sufficient basis for the sentence imposed. Exercising its sentencing discretion, the district court explained:

> These cases are always difficult. Clearly, this defendant, like so many who come before the Court, has had a disadvantaged background. When I see daily and regular marijuana, alcohol, and prescription pain use from the age of eight, it is clear that this defendant has suffered developmentally, and that he has suffered from abuse and neglect as a child and untreated mental illness for most of his life. Nevertheless, we have to look at the conduct with which the Court is confronted. These charges are incredibly serious, not only with deadly weapons involved, but deadly drugs involved on a repeated basis. The past crimes are serious. This defendant has a Criminal History Category of VI, which is the highest category. It is clear that this is a serious crime and one that requires a serious sentence to promote respect for the law, to protect the public from further crimes of this defendant, to send a signal of general deterrence, and also to get this defendant the much needed treatment that he has been deprived of for most of his life, and in some cases, didn't take advantage of when it was given to him.

DE 48, Sentencing Tr., Page ID 204–05.

Put simply, the district court considered Habern's history of mental illness and disadvantaged background but ultimately determined that they did not outweigh the seriousness of his offenses. Habern's sentence is not substantively unreasonable because the district court properly calculated the applicable Guidelines range based on his "career offender" status and appropriately weighed the relevant § 3553(a) factors.

As a reviewing court, it is not our role to second guess the district court's individualized sentencing discretion when its balancing of the § 3553(a) factors already provides a reasoned basis for Habern's sentence. *United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014). Because Habern has not otherwise overcome the "heavy burden" of rebutting the presumption that his below-Guidelines sentence is substantively reasonable, *Greco*, 734 F.3d at 450, we conclude that the district court did not abuse its discretion in imposing Habern's below-Guidelines sentence.

IV.

The district court neither erred in determining that Habern is a "career offender" under U.S.S.G. § 4B1.1(a) nor abused its discretion in imposing Habern's below-Guidelines sentence. Accordingly, we affirm.